IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ST. VINCENT HOSPITAL,

        **Plaintiff,**

v.                                     No. 1:08-CV-984 WJ/RLP

**DISTRICT 1199NM, NATIONAL
UNION OF HOSPITAL AND
HEALTHCARE EMPLOYEES,
LOCAL 1199, AFSCME, AFL-CIO,**
        **Defendant.**

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on January 14, 2009 telephonically and was attended by:

Danny W. Jarrett, Esq. for Plaintiff St. Vincent Hospital ("Plaintiff" or "the Hospital");

Shane Youtz, Esq. for Defendant District 1199NM, National Union of Hospital and Healthcare Employees, Local 1199, AFSCME, AFL-CIO ("Defendant" or "the Union").

## NATURE OF THE CASE

Plaintiff asserts a claim under the Federal Arbitration Act, 9 U.S.C. §§ 6, 10(a)(4) to vacate Arbitrator Russell E. Bergstedt's ("the Arbitrator") award regarding arbitrability. Defendant asserts a counter-claim under the Federal Arbitration Act, 9 U.S.C. §§ 6, 10(a)(4) to confirm Arbitrator Russell E. Bergstedt's ("the Arbitrator") award regarding arbitrability.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff should be allowed until February 27, 2009 to amend the pleadings and to join additional parties.

Defendant should be allowed until March 6, 2009 to amend the pleadings and to join additional parties.

*Version 2: December 2006*

## STIPULATIONS

*Stipulations of Law*

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties further stipulate that the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*., National Labor Relations Act, 29 U.S.C. § 151 *et seq*., and the provisions of the Collective Bargaining Agreements negotiated for and agreed to by Plaintiff and Defendant to govern the terms and conditions of the employment of Plaintiff's employees represented by Defendant.

*Stipulations of Fact*

1. Plaintiff St. Vincent Hospital employs individual employees represented for purposes of collective bargaining by Defendant District 1199NM, National Union of Hospital and Healthcare Employees, Local 1199, AFSCME, AFL-CIO.

2. Plaintiff and Defendant negotiated for and agreed upon three Collective Bargaining Agreements that govern the terms and conditions of the individual employees employed by Plaintiff and represented by Defendant in three separate bargaining units: the Nurses' Unit, the Service and Maintenance Unit, and the Technical Employees Unit.

3. Ms. Lydia Froschle ("Froschle") is a former bargaining unit member of the Technical Employees Unit ("Tech Unit").

4. Froschle's last day of regular employment with Plaintiff was September 5, 2007.

## PLAINTIFF'S CONTENTIONS

Plaintiff St. Vincent Hospital contends that Arbitrator Russell E. Bergstedt exceeded his powers in determining that Ms. Froschle's resignation was arbitrable under the explicit terms of

the Collective Bargaining Agreement ("CBA") from whence the Arbitrator's powers emanate. This matter is predicated upon Ms. Froschle's resignation from her bargaining unit position at the Hospital which was proposed by the Union and negotiated by Union counsel. Ms. Froschle entered into two resignation agreements with the Hospital outlining the terms of her resignation. Importantly, both documents specifically refer to Ms. Froschle's resignation as an offer to resign in exchange for valuable consideration described in detail in the documents. Although Union counsel brokered the agreements, no Union officer signed either document. Notwithstanding the settlement of Froshle's voluntary separation from employment, the Union thereafter grieved Ms. Froschle's resignation seeking reinstatement and backpay in accordance with the contractual procedure even though the grievance procedure in the CBA does not recognize the validity of a grievance based on a resignation. Moreover, even if she could grieve her resignation, the grievance procedure explicitly precludes Ms. Froschle from being awarded backpay or reinstatement.

      Nevertheless, the Arbitrator found that the language of the third paragraph of the Union-drafted settlement agreement "trumps" the terms of the CBA. Even though the Union's third paragraph states that it "shall not prejudice the right of the Union to pursue such grievances through the contractual process," the Union now claims that this language allows it to ignore the very "contractual process" it seeks to utilize, and thus avoid explicit procedural requirements and limitations imposed by the CBA. Based on this language alone, the Arbitrator found that Ms. Froschle's resignation was arbitrable and that she could seek backpay and reinstatement in contravention to the explicit terms of the CBA. Essentially, therefore, even though any arbitration must proceed pursuant to the CBA, the Arbitrator determined that a document outside of the CBA "trumps" the CBA. Accordingly, because the Arbitrator exceeded his powers as granted by the CBA in determining that the matter was arbitrable, the Arbitrator's award

*Version 2: December 2006*

regarding arbitrability should be vacated pursuant to the Federal Arbitration Act and the Union's grievances regarding Ms. Froschle should be dismissed with prejudice.

## DEFENDANT'S CONTENTIONS:

This dispute arises from a bargaining relationship between the Union and the Hospital, and relates to the Hospital's termination of Lydia Froschle.  The parties agree that just cause must accompany any termination of an employee under the collective bargaining agreement.  The Hospital contends, however, that an arbitrator does not have the authority to hear the question of Ms. Froschle's just cause termination.  The arbitrator twice rejected this argument, instead finding that parties explicitly agreed, in writing, to arbitrate the just cause issue.  Given the plain language of the agreement, it is clear that the parties intended to carve out the right to arbitrate this dispute.  By agreement, the Hospital accepted the understanding that this case could be arbitrated and cannot now seek to divest the Arbitrator of authority specifically granted to him by previous agreement.  Defendant explicitly requests that this Court confirm the arbitrator's award and order parties to comply with the terms of that award.

## PROVISIONAL DISCOVERY PLAN

### *Preface Regarding Discovery*

The Federal Arbitration Act provides that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions." 9 U.S.C. §6. Because the Hospital brings this matter to the Court pursuant to 9 U.S.C. § 10(a)(4), the Hospital styles this matter in the manner of motion practice pursuant to Rules 7, 12(b)(1) and (6), and 81(a)(6)(B) Fed. R. Civ. P. *See O.R. Securities, Inc. v. Professional Planning Associates, Inc.*, 857 F.2d 742, 746 (11th Cir. 1988) ("The proper procedure [for bringing an action to vacate an arbitration award] … is for the party seeking to vacate an arbitration award to file a Motion to Vacate in the district court"). Arbitration awards challenged under the provisions of the Federal

Arbitration Act are reviewed "under the FAA and 'manifest disregard of justice' standards." *Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 937 (10th Cir. 2001). Therefore, documents outside the arbitral record are neither admissible nor reasonably calculated to lead to the discovery of admissible evidence. As such, discovery in this matter should not be permitted, and review should be limited to the documents included in the arbitral record.

### *Discovery*

In the event discovery is permitted, the parties jointly propose to the Court the following discovery plan:

### *Witnesses:*

The parties agree that witness testimony outside that contained in the arbitral record is not proper or appropriate.

### *Documents:*

Plaintiff's potential trial exhibits:

- The only admissible documentation is the arbitral record to be reviewed under the FAA and "manifest disregard for justice" standards.
- IF the Court permits discovery, Plaintiff reserves the right to identify additional documents.

Defendant's potential trial exhibits:

- The only admissible documentation is the arbitral record to be reviewed under the FAA and "manifest disregard for justice" standards.
- IF the Court permits discovery, Defendant reserves the right to identify additional documents.

### *Experts:*

The parties agree that expert evidence outside that contained in the arbitral record is not

proper or appropriate.

*Discovery Subjects:*

<u>Plaintiff</u> stands on the position asserted in its Preface. In the event the Court permits discovery, Plaintiff reserves the right to amend this position.

<u>Defendant</u> agrees with the position asserted by Plaintiff.

*Discovery Methods:*

The parties stand on the position asserted in the Preface; therefore, no discovery should be permitted in this matter. In the event the Court permits discovery, the parties reserve the right to amend this position.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff(s) by <u>April 18, 2009</u>

    from Defendant(s) by <u>May 16, 2009</u>

Supplementation under Rule 26(e) due <u>thirty days from the discovery of relevant evidence</u>.

All discovery commenced in time to be complete by <u>June 27, 2009</u>.

## **PRETRIAL MOTIONS**

The parties expect this case to be decided upon the grounds set forth in the pleadings already filed in this matter.

## **ESTIMATED TRIAL TIME**

The parties expect this case to be decided upon the grounds set forth in the pleadings already filed in this matter.

    __X__ This is a non-jury case.

    ____ This is a jury case.

*Version 2: December 2006*

## **SETTLEMENT**

The possibility of settlement in this case is considered unlikely. The parties request a settlement conference on <u>July 5, 2009</u>.

        APPROVED WITHOUT EXCEPTIONS

        /s/ Kevin G. Gick_____
        Kevin G. Gick
        For Plaintiff St. Vincent Hospital

        /s/ Shane C. Youtz_____
        Shane C. Youtz
        For Defendant District 1199NM, National Union of
        Hospital and Healthcare Employees, Local 1199,
        AFSCME, AFL-CIO